**Office of the Attorney General**
**State of Texas**

**DAN MORALES**
**ATTORNEY GENERAL**

June 27, 1991

Honorable James M. Kuboviak
Brazos County Attorney
Brazos County Courthouse
Bryan, Texas 77803

Opinion No. DM-28

Re: Whether section 5B of article 6701d-11, V.T.C.S., authorizes a vehicle to operate at five percent over the maximum gross weight for which the vehicle can be registered, or whether the vehicle is limited to five percent over the posted load limit of the road over which it is traveling (RQ-41)

Dear Mr. Kuboviak:

You have requested our opinion regarding a 1989 amendment to article 6701d-11, V.T.C.S., the statute which, among other things, regulates weight, load, width, height, and equipment of vehicles operating on the public highways. In 1989, the legislature adopted House Bill 2060, which amended the statute by adding section 5B to establish a statewide permitting system for weight limitations on commercial vehicles. Section 5B provides, in pertinent part:

> (a) The [Highway] department shall issue permits as provided by this section allowing a commercial motor vehicle, truck tractor, trailer, semitrailer, or combination of those vehicles to operate with a gross weight or axle weight that exceeds the allowable gross or axle weight for the vehicle.

> (b) The permit authorizes the operation of the vehicle at a weight that exceeds the allowable axle weight by a tolerance allowance of 10 percent *and exceeds the allowable gross weight by a tolerance allowance of five percent.*

> . . . .

> (e) The permit is valid for one year and must be carried in the vehicle. . . .

     (f)  Operation of a vehicle for which a permit is issued under
this section at a gross weight or axle weight that exceeds the
amount authorized by the permit is a violation of this Act.

V.T.C.S. art. 6701d-11, § 5B; Acts 1989, 71st Leg., ch. 488, § 1, at 1661 (emphasis added).

Subsequent provisions of section 5B require an applicant for a permit to file a letter of credit or bond in the amount of $15,000, guaranteeing that the applicant "will pay to the department for any damage to a state highway and will pay to a county for any damage to a road or bridge of such county caused by the operation" of the vehicle, and declare that liability for such damage is not limited to the amount of the bond or letter of credit.  V.T.C.S. art. 6701d-11, § 5B(g), (h).

Your question is whether a permit issued  under section 5B should authorize the vehicle to operate at five percent over its maximum allowable gross weight, or should limit the vehicle to a maximum of five percent above the posted load limit of a particular road or bridge.  The answer to your question is found in the language of section 5B.  Every reference to gross weight or axle weight in that provision is in connection with the weight of the *vehicle* and not the posted road weight limits.[1] Thus, section 5B provides for a permit authorizing operation of a vehicle at a weight that exceeds the allowable gross weight of the vehicle by five percent.

House Bill 2060 has  also expressly limited a county's power to enforce load zoning regulations against vehicles operating under a section 5B permit. Section 5 1/2 of article 6701d-11 provides that the State Highway and Public Transportation Commission has the power to fix the maximum gross weight of a vehicle and load, as well as maximum axle and wheel loads, to be transported over any state highway or farm-to-market or ranch-to-market road under the commission's jurisdiction. The commissioners court of any county is given the same power to limit the maximum weights to be transported over any county road, bridge, or culvert.  Subsection 2(b) of article 6701d-11, which already authorized the commissioners courts to issue 90-day permits for the transportation of overweight and oversize commodities and equipment under some circumstances, was amended by House Bill 2060 to allow the commissioners court to issue 90-day permits for the

---

[1]Section 5(a) of article 6701d-11, V.T.C.S., establishes the maximum allowable axle weight and gross weight of vehicles, truck-tractors, trailers or semitrailers, or a combination of those vehicles.

operation over county roads "of vehicles or combinations of vehicles that exceed the weights authorized under Section 5 or Section 5 1/2 of this Act." Acts 1989, 71st Leg., ch. 488, § 4, at 1664. However, House Bill 2060 also added the following provision to subsection 2(b)(1):

> If a vehicle has a permit issued under section 5B of this Act, a commissioners court may not issue a permit under this subsection, charge any additional fee for, or otherwise regulate or restrict the operation of the vehicle with a gross weight or axle weight that exceeds the weights authorized by Section 5 or Section 5 1/2 of this Act, or require the owner or operator to execute or comply with a road use agreement or indemnity agreement, to make any filings or applications, or to provide a bond or letter of credit other than the bond or letter of credit provided for in Section 5B.

*Id.*

Even though subsection 2(b)(1) limits the authority of the commissioners court to impose weight and load restrictions on a vehicle with a section 5B permit, the permit does not necessarily allow vehicles to travel over all county roads and bridges. A commissioners court still retains some authority under other law to prevent overweight vehicles from using certain roads and bridges. *See, e.g.*, V.T.C.S. art. 6702-1, §§ 2.301(g) (certain county officers may set maximum load limits for highways if they cannot be used safely without serious damage or if the bridge or culverts are unsafe), 2.302 (authorizing use of detour roads for county roads under construction).

A commissioners court's authority to monitor the safety of roads and bridges within its jurisdiction is further suggested by the notification provision of subsection 2(b)(2). Under that section, a permittee who receives a section 5B permit must notify the county clerk of every county in which he intends to operate the vehicle that he intends to operate it on county roads, bridges, and culverts with a gross weight, axle weight, or wheel load that exceeds the limitations established under section 5 or section 5 1/2. The owner or operator of a vehicle with a section 5B permit, who has filed the required bond or letter of credit and made this notification

> is liable to the county only for the actual damages to the county roads, bridges, or culverts with load limitations established

under Section 5 or Section 5 1/2 of this Act caused by the operation of the vehicle in excess of those limitations. *If a County Judge, County Commissioner, County Road Supervisor, or County Traffic Officer requires such vehicle to travel over a designated route, it shall be presumed that such designated route, including any bridges or culverts located thereon, is of sufficient strength and design to carry and withstand the weight of the vehicle traveling over such designated route.*

V.T.C.S. art. 6701d-11, § 2(b)(5) (emphasis added). The italicized language indicates that the enumerated county officials have authority to designate a particular route for a vehicle to use, with the consequence that the designated route will be presumed to withstand the weight of the vehicle.

In adopting House Bill 2060, the legislature intended that vehicles with the section 5B permit could operate at five percent in excess of their allowable gross weight over roads and bridges, but it also provided that the counties would have some means of preventing serious damage to their roads and bridges and of protecting the safety of other persons using those roads and bridges.

## SUMMARY

Section 5B of article 6701d-11, V.T.C.S., authorizes the Department of Highways and Public Transportation to issue a permit to authorize the enumerated vehicles to operate at five percent in excess of their allowable gross weight under section 5(a) of article 6701d-11, V.T.C.S.

Very truly yours,

DAN MORALES
Attorney General of Texas